UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Moen Haider, <br><br> Plaintiff, <br><br> v. <br><br> Liberty Lunch, <br><br> Singh's Bar and Grill, <br><br> And <br><br> Indian Cafe <br><br> Defendantss. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Moen Haider, (hereinafter referred to as "Plaintiff") by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Liberty Lunch, Singh's Bar and Grill and Indian Cafe (hereinafter referred to collectively as "Defendantss") of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*), the Pennsylvania Wage Payment Collection Law ("PA WPCL" – 43 P.S. §§ 260.1, *et. seq*.), and the Pennsylvania Minimum Wage Act ("PA MWA" – 43 P.S. §§ 333.101, *et seq.*).

### II. JURISDICTION AND VENUE

2.	This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.	This Court may properly maintain personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.	Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.	This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

### III. PARTIES

6.	The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.	Plaintiff is an adult individual with a primary residence located at 142 South Blank Street, Allentown, PA 18102.

8.	Defendant Liberty Lunch is a Pennsylvania business entity with a regular place of business located at 450 North 7th Street, Allentown, PA 18102.

9.	Defendant Singh's Bar and Grill is a Pennsylvania business entity with a regular place of business located at 448 North 9th Street, Allentown, PA 18102.

10. Defendant Indian Café is a Pennsylvania business entity with a regular place of business located at 549 North 7th Street, Allentown, PA 18102.

11. Defendants are properly considered a single and/or joint employer in this action because:

- The principal owner of each named Defendant is Rangeet Singh, also known as "Randy" (hereinafter referred to as "Mr. Singh")
- Plaintiff performed work at the location of each named Defendant. In so doing, Plaintiff was at all relevant times overseen, managed and directed by Mr. Singh, regardless of which location at which Plaintiff was performing work.
- In every way, Defendants functionally operated as a single and/or joint employing entity of Plaintiff and other similarly situated employees. Plaintiff understood from working with Defendants that he was an employee of each named Defendants.

## IV. FACTUAL BACKGROUND

12. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants in about 2012.

14. Plaintiff was initially hired to work at the Liberty Lunch location identified in Paragraph 8. However, throughout the course of his employment with Defendants, Plaintiff performed work for Defendants at each of the locations identified in Paragraph 8 through 10, inclusive.

15. At all times relevant herein, Plaintiff's job duties with Defendants included working as a cahier and other general labor requirements as needed.

16. At the time he was hired by Defendants, Plaintiff was paid five dollars ($5.00) per hour. In our around early 2015, Defendants' increased Plaintiff's regular hourly rate to eight dollars ($8.00) per hour.

17. At all times relevant herein, Plaintiff regularly worked as many as seven (7) days per week for Defendants.

18. At all times relevant herein, Plaintiff regularly worked as many eight (80) or ninety (90) hours per week for Defendants.

19. During his employment with Defendants, Plaintiff was routinely required to work from the time Defendants opened (between 9:00 a.m. and 10:00 a.m.) until the time Defendants closed (often as late as 11:00 p.m.).

20. Upon information and belief, Defendants have failed to keep accurate records of all hours worked by Plaintiff. For example, Plaintiff was never required to fill out a time sheet or otherwise report his hours worked to Defendants. Rather, Mr. Singh would simply call Plaintiff and advise him of: 1) the location at which he was assigned to work; and 2) the time at which Plaintiff was to open and close for the day.

21. Defendants did not at any time pay Plaintiff overtime. Rather, regardless of how many hours Plaintiff worked for Defendants., Defendants paid Plaintiff (in cash) anywhere between two hundred dollars ($200.00) and six hundred dollars ($600.00) per week.

22. At all times relevant herein, Defendants knew Plaintiff regularly worked greater than forty (40) hours per week.

23. At all times relevant herein, Defendants failed to pay Plaintiff the legally required overtime rate for hours worked in excess of forty (40) hours per week.

24. Plaintiff's last day of employment with Defendants was on or around April 5, 2017.

25. At all times relevant herein, Defendants failed to post employees' rights posters and/or otherwise provide required notice to employees, including Plaintiff, regarding their rights under applicable law pertaining to the payment of overtime wages.

26. At various times throughout his employment with Defendants, Plaintiff complained to Defendants' management-level employees, including but not limited to Mr. Singh, regarding Defendants' failure to pay overtime.

27. In or around April 2017, Plaintiff again complained to Mr. Singh regarding Defendants' failure to pay overtime. Immediately following this complaint of unpaid overtime, Mr. Singh terminated Plaintiff's employment.

28. Defendants knowingly and willfully failed to pay Plaintiff overtime for all hours worked in excess of forty (40) hours per week.

29. Defendants terminated Plaintiff's employment within a close temporal proximity of Plaintiff complaining about the nonpayment of overtime.

**Count I**
**Violations of the FLSA**
**(Failure to Pay Overtime and Retaliation)**

30. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

31. Defendants is an employer as defined by the FLSA.

32. At all times relevant herein, Plaintiff was an employee of Defendants as defined by the FLSA.

33. Pursuant to the FLSA all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

34. At all times relevant herein, Plaintiff's job was such that he does not qualify as an exempt employee under the FLSA.

35. Defendants violated the FLSA insofar as Defendants failed to pay Plaintiff overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

36. Defendants' failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendants knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

37. The FLSA makes it unlawful to discharge an employee because such employee engaged in protected activity with respect to the FLSA.

38. Plaintiff engaged in protected activity with respect to the FLSA insofar as he regularly complained to Defendants regarding Defendants' failure to pay him the required overtime rate.

39. Defendants terminated Plaintiff's employment within a close temporal proximity of Plaintiff's complaints regarding Defendants' nonpayment of overtime.

40. The above actions constitute violations of the FLSA.

41. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendants acted willfully and knew that its conduct was prohibited by the FLSA.

42. Defendants lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiff overtime was not a violation of the FLSA. Plaintiff is therefore entitled to recover liquidated damages as prescribed by the FLSA.

**Count II**
**Violations of the PA MWA**
**(Failure to Pay Overtime)**

43. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

44. Defendants is an employer as defined by the PA MWA.

45. Defendants violated the overtime provisions of the PA MWA insofar as Defendants failed to pay Plaintiff the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

46. Defendants violated the PA MWA by virtue of its failure to adequately inform Plaintiff of the applicable requirements of the PA MWA.

47. Defendants' failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendants knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

### Count III
### Violations of the PA WPCL
**(Nonpayment of Wages)**

48. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

49. Defendants is an employer as defined by the PA WPCL.

50. As described above, Defendants have failed to pay Plaintiff the legally required overtime rate for hours worked in excess of forty (40) hours per week in violation of the FLSA and PA MWA.

51. Pursuant to the PA WPCL, "wages" means all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation.

52. Pursuant to the PA WPCL, when an employer separates an employee from the payroll, all wages or compensation owed is due and payable no later than the next regular payday on which such wages would otherwise be due and payable.

53. The total amount of overtime hours owed to Plaintiff by Defendants constitutes "wages" as such term is defined by the PA WPCL.

54. Defendants' failure to pay Plaintiff all wages owed constitutes a violation of the PA WPCL.

55. Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A. Defendants is to be prohibited from continuing to maintain its illegal policy, practice or custom is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendants is to compensate Plaintiff for all wages owed, including but limited to overtime wages for all hours worked in excess of forty (40) hours per week.

C. Defendants is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendants until the date of verdict;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, liquidated damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com